IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ELBERT BERNARD SIPP,

    Appellant,

v.                                     Case No.  5D14-184

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed July 11, 2012

Appeal from the Circuit
Court for Volusia County,
Frank Marriott, Judge.

James S. Purdy, Public Defender, and
Robert J.  Pearce III and George D.E.
Burden, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Elbert Bernard Sipp (defendant), appeals the trial court's orders adjudicating him guilty of violating his community control (VOCC) and sentencing him to a term of imprisonment.  Finding no reversible error, we affirm the adjudication and sentencing order. However, the adjudication order contains two scrivener's errors that must be corrected.

First, the adjudication order reads that the defendant admitted to violating his community control when in fact the court found, after a VOCC hearing, that he had violated his community control. Therefore, the portion of the order which states that the defendant "admits violation" must be deleted.

Second, after the defendant was found to have violated his community control, his community control was revoked and he was ordered to serve the suspended portion of his sentence, which was 41.15 months in prison. The adjudication order classifies his conviction for attempted burglary of an unoccupied dwelling as a second-degree felony, but attempted burglary of an unoccupied dwelling is a third-degree felony. See § 810.02(3)(b), Fla. Stat., 777.04(4)(d), Fla. Stat. Therefore, the order must be corrected to reflect his conviction for a third-degree felony.

AFFIRMED; REMANDED with instructions.

TORPY, C.J., PALMER and COHEN, JJ., concur.

2